039551/17376/EVB/SAM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | NO. 18-29463 |
| MELISSA CRIGLEY, | CHAPTER 13 |
| DEBTOR. | HONORABLE DONALD R. CASSLING |

## OBJECTION TO CONFIRMATION

TOTAL FINANCE AC, LLC ("Total Finance"), by its attorneys, CASSIDAY SCHADE LLP, for its objection to confirmation of Debtor's voluntary petition for relief and proposed Chapter 13 plan, states as follows:

1. Total Finance is Debtor's secured creditor with respect to a lien placed on a 2016 Ford Fusion bearing vehicle identification number 3FA6P0H70GR265444 (the "Vehicle"). Debtor purchased the Vehicle on April 26, 2018, less than 910 days prior to the commencement of these proceedings. Pursuant to the Retail Installment Contract, Debtor is required to tender equal monthly payments to Total Finance of $501.34 with an interest rate of 20.99%. (See **Exhibit A**, Retail Installment Contract).

2. On October 19, 2018, Debtor filed a voluntary petition for relief and proposed Chapter 13 plan (the "Plan"). The Plan is scheduled for confirmation on January 3, 2019. Debtor's Plan identifies "Total Financial Acc" as a secured creditor with regard to the Vehicle in the sum of only $17,755.00 with a proposed interest rate of 6.00% per annum on that portion of its claim that Debtor deems secured.

3. On December 4, 2018, Counsel for Total Finance filed a Proof of Claim. According to the Proof of Claim and Total Finance's records, there remains a total outstanding balance from Debtor in the sum of $18,452.42.

1

4. The foregoing conduct is inconsistent with applicable provisions of the Bankruptcy Code to the extent that Debtor failed to properly value the Vehicle for purposes of payment to Total Finance under the Plan.  By failing to adequately provide for Total Finance in the Plan, Debtor has invoked the "cram down" provisions of the Code, 11 U.S.C. §1325(a)(5)(B), to attempt to reduce Total Finance's secured claim to a lesser amount.

5. However, as set forth in Section 1329(a)(9) of the Bankruptcy Code, in the event Debtor purchased the Vehicle less than 910 days prior to the commencement of these proceedings, Debtor is not entitled to "cram down" the secured creditor's claim and, instead, is required to provide for payment of the claim in its entirety without regard to the value of the collateral.  Therefore, sufficient grounds exist for the denial of confirmation as to Debtor's voluntary petition for relief and proposed Chapter 13 plan.

WHEREFORE, Total Finance respectfully requests this court to enter an order denying Debtor's request for confirmation and for such other relief as this Court deems just and proper.

 Respectfully submitted,

 TOTAL FINANCE AC, LLC

 By: _____/s/ Steven A. Montalto_____
 One of its attorneys

Steven A. Montalto (Ill. #6318087)
Cassiday Schade LLP
222 West Adams Street, Suite 2900
Chicago, Illinois 60606
smontalto@cassiday.com